**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

RICKY BROWN,
ADC #551211                                                                                                    PLAINTIFF

v.                                            **4**:11-cv-00283-BSM-JTK

FAULKNER COUNTY DETENTION
CENTER, et al.                                                                                             DEFENDANTS

**ORDER**

By Order dated April 14, 2011 (Doc. No. 3), this Court granted Plaintiff's Motion to Proceed in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983. However, finding Plaintiff's complaint too vague and conclusory to enable the Court to determine whether it is frivolous, fails to state a claim, or states a legitimate claim, the Court directed Plaintiff to submit an Amended Complaint within thirty days. The Court asked Plaintiff to include, "(1) the name of each individual personally involved in the actions at issue in the complaint; (2) how each individual was personally involved in those actions; and (3) how each individual violated the plaintiff's constitutional rights. **Plaintiff must set forth specific facts concerning the allegations he has set forth, including, where applicable, dates, times and places."**

Plaintiff has now submitted an Amended Complaint which is not in compliance with the directives set forth above. Plaintiff states he names Defendants Byrd, Brown and Randall because they "are responsible for all policy, procedure & customs of FCDC [the Jail]." (Doc. No. 6, p. 1). These allegations are based on the Defendants' supervisory positions only. Supervisor liability is limited in § 1983 actions, and a supervisor cannot be held liable on a theory of respondeat superior for his or her employee's allegedly unconstitutional actions. See White v. Holmes, 21 F.3d 277,

280 (8th Cir. 1994). A supervisor incurs liability only when personally involved in the constitutional violation or when the corrective inaction constitutes deliberate indifference toward the violation. Choate v. Lockhart, 7 F.3d 1370, 1376 (8th Cir. 1993).

In addition, most of Plaintiff's Amended Complaint does not include specific dates or specific incidents alleging unconstitutional actions specifically involving the Plaintiff. For example, he states a leaky roof caused mold and mildew in housing bunks 12-13 (Doc. No. 6, p. 2). He does not allege he was housed in those barracks and he does not state how often the leak occurred. He also does not state to whom he complained about the leak and how he was harmed. Similar general allegations continue throughout his Amended Complaint, dealing with moldy shower walls, dirty cell conditions, inedible food, lack of germicidal lights, denial of shaving equipment, and denial of full-time medical care. Although Plaintiff does allege that on December 20, 2010, he "slipped on a wet floor sign," he does not allege that any particular Defendant was responsible, he does not allege any behavior which would rise beyond the level of negligence, and he does not allege how he was harmed.

Therefore, because Plaintiff's response does not comply with the directives set forth by the Court in the April 14, 2011 Order, the Court will grant Plaintiff one final opportunity in which to submit an Amended Complaint in accordance with the directions noted above. Accordingly,

IT IS, THEREFORE, ORDERED that Plaintiff shall have one final opportunity in which to submit an Amended Complaint in accordance with the directions set forth in this Order and the April 14, 2011 Order, within ten days of the date of this Order. Failure to file such shall result in the dismissal without prejudice of Plaintiff's complaint for failure to state a claim.

IT IS SO ORDERED this 7th day of June, 2011.

---------------------------------------
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE